UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DWIGHT BUSH,

                Petitioner,

-vs-                                          Case No.  8:06-cv-48-T-24MAP

JAMES V. CROSBY,

                Respondent.
_____/

## ORDER

       On October 31, 2005, the Court entered the following order in case number 8:05-cv-1996-T-17MAP:

       This cause is before the Court on Petitioner Dwight Bush's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus.  Bush challenges his sentencing in case no. CRC 97-15543 CFANO-M.  The sentence was entered by the Circuit Court for the Sixth Judicial Circuit, Pinellas County, Florida.

       From the face of the Petition, it is clear that Petitioner has raised only state law sentencing issues which provide no basis for federal, constitutional habeas corpus relief.  See Branan v. Booth, 861 F.2d 1507 (11th Cir. 1988) (per curiam).  Petitioner does not allege that "he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

       A federal habeas petition may be entertained only on the ground that a petitioner is in custody in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(a).  A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved.  Bronstein v. Wainwright, 646 F.2d 1048, 1050 (5th Cir. Unit B June 1981).  State courts are the ultimate expositors of their own state's laws, and federal courts entertaining petitions

for writs of habeas corpus are bound by the construction placed on a state's criminal statutes by the courts of the state except in extreme cases. Mendiola v. Estelle, 635 F.2d 487, 489 (5th Cir. Unit A 1981).

McCullough v. Singletary, 967 F.2d 530, 535-36 (11th Cir. 1992), cert. denied, 113 S. Ct. 1423 (1993).

Petitioner Bush seeks to have this Court review the state court's failure to adhere to its sentencing procedures. Federal courts cannot review a state's failure to adhere to its own sentencing procedures, even if Petitioner sets out his claims as ones of equal protection or due process. Branan v. Booth, 861 F.2d at 1508.

Accordingly, the Court orders:

That Petitioner's petition is dismissed. The Clerk is directed to enter judgment against Petitioner Bush and to close this case.

Petitioner did not appeal. Instead, he filed a motion for leave to file an amended habeas corpus petition on November 14, 2005. The Court denied the motion.

### The Present Case 8:06-cv-48-T-24MAP

On January 5, 2006, Petitioner Bush signed the present successive petition for writ of habeas corpus challenging the same conviction that he challenged in case number 8:05-cv-1996-T-17MAP.

On April 24, 1996, the President signed into law several habeas corpus amendments, one of which places limits on the filing of second or successive petitions. The amendment provides in pertinent part that before a second or successive application for habeas corpus relief is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A). Although Petitioner filed the instant petition after the enactment of the aforedescribed amendment, and the present petition is clearly a

second or successive petition, Petitioner Bush has not shown that he has applied to the court of appeals for an order authorizing this court to consider his application.

Accordingly, the Court orders:

That Petitioner Bush's petition for writ of habeas corpus is dismissed, as successive. The Clerk is directed to close this case and to send Petitioner the Eleventh Circuit's application form for second or successive habeas corpus petitions under 28 U.S.C. § 2244(b). The Clerk is directed to enter judgment accordingly.

ORDERED at Tampa, Florida, on January 11, 2006.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Dwight Bush